UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | Judith E. Levy<br>United States District Judge<br><br>Consolidated Docket No.<br>16-cv-10444 |
| DEBORAH SAPOLIN, as<br>Personal Representative of<br>THE ESTATE OF<br>MARGARET A. BACON,<br><br> Plaintiff,<br><br>v<br><br>RICHARD SNYDER, *et al*,<br><br> Defendants. | **Individual Docket No.**<br>**5:18-cv-10348-JEL-MKM**<br><br>Previous E.D. Case No. 16-cv-11157<br><br>Genesee County Circuit Court |

# PLAINTIFF'S RESPONSE TO
# CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
# FIRST AMENDED SHORT FORM COMPLAINT (DKT 86)

# TABLE OF CONTENTS

I. The published Sixth Circuit decision of *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598–99 (6th Cir. 2006) makes it clear that Plaintiff's wrongful death claim is NOT barred by Michigan governmental immunity because state law wrongful death damages are an express statutory remedy that may be pursued in Plaintiff's federal § 1983 claim..................................................................................................2

II. This Court already ruled in *Brown v. Snyder, et al*, Case No. 18-cv-10726 [ECF #136] that the facts alleged in Plaintiff's First Amended Short Form Complaint are sufficient to state a bodily integrity claim..................................................................................................................4

III. Plaintiff's wrongful death claim is properly alleged in her First Amended Short Form Complaint, and all of Defendant's arguments to the contrary are without merit. .................................................6

   A. Plaintiff's Complaint does NOT improperly violate Federal Rule 10(b) because the Court gave superseding instructions to deviate from the requirements of that rule by filing individual Short Form Complaints. ..................................................................6

   B. The factual basis for linking Margaret Bacon's ultimate death to complications resulting from her Legionella sickness has been properly alleged with the degree of specificity required under the *streamlined* Short Form Complaint procedure ordered by the Court. ...........................................................................7

   C. Even if arguendo, Plaintiff has not alleged sufficient facts linking her death to her Legionella sickness, the appropriate remedy is to grant Plaintiff leave to further amend her Short Form Complaint to cure any such deficiencies......................................8

   D. The language of MCL 600.2922 clearly does NOT restrict Survival and Wrongful Death claims to only fatality cases where the underlying death was caused by a felony. .......................10

IV. Plaintiff does not oppose the dismissal of City Defendants Earley and Ambrose. ..............................................................................................11

**CONCLUSION AND REQUEST FOR RELIEF** .......................................................11

1

NOW COMES Plaintiff **DEBORAH SAPOLIN, as Personal Representative of THE ESTATE OF MARGARET A. BACON**, by and through her attorneys, and in response to the City Defendants' Motion to Dismiss Plaintiff's First Amended Short Form Complaint (EFC#93) states as follows:

**I.     The published Sixth Circuit decision of *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598–99 (6th Cir. 2006) makes it clear that Plaintiff's wrongful death claim is NOT barred by Michigan governmental immunity because state law wrongful death damages are an express statutory remedy that may be pursued in Plaintiff's federal § 1983 claim.**

For purposes of this motion, there is no dispute that Plaintiff has stated a valid claim for compensatory damages under 42 U.S.C. §1983. As is discussed briefly below, it is well settled law in the Sixth Circuit that state law wrongful death damages are an express element of damages recoverable by statute in a federal §1983 claim. Michigan's governmental immunity laws do not shield the City Defendants from any liability incurred by them in connection with this federal claim. Thus, the City Defendants cannot rely on Michigan's governmental immunity laws to avoid liability for any damages awarded under Michigan's wrongful death statute.

Indeed, in the published Sixth Circuit decision of *Frontier Ins. Co. v. Blaty, 454 F.3d 590 (6th Cir. 2006),* the Court squarely held, among other things, that state law wrongful death damages are an express element of damages recoverable in a §1983 claim. The *Frontier* court's holding in that regard is unambiguously set forth on pages 598-99 of its post opinion as follows:

> *The estate brings this action under 42 U.S.C. § 1983. In that statute, there is no guidance for how to evaluate damages. However, if section 1983 is . . . deficient*

> *in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause. 42 U.S.C. § 1988.*
>
> *It is undisputed that Michigan law is controlling in this instance and, therefore, we must apply Michigan's civil damages laws to this action.*
>
> *Under Michigan's wrongful death statute. . ., the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. Frontier, 454 F. 3d at 598-99.*

When the foregoing rule of law is correctly recognized and applied in the case at bar, it conclusively establishes that, (1) the state law wrongful death damages sought by Plaintiff pursuant to M.C.L. 600.2922 in this case are legally treated as an element of damages recoverable in her federal §1983 claim; and (2) that as such, liability for those damages cannot be avoided on the grounds of governmental immunity. Thus, the City Defendants' attempt to avoid liability on grounds of governmental immunity fails as a matter of law.

## II. This Court already ruled in *Brown v. Snyder, et al.*, Case No. 18-cv-10726 [ECF #136] that the facts alleged in Plaintiff's First Amended Short Form Complaint are sufficient to state a bodily integrity claim.

The City Defendants' instant motion was filed pursuant to this Court's May 21, 2020, Status Conference Order. In that Order, this Court gave express instructions that matters and issues that were previously decided by this Court in the *Marble*[1] or *Brown*[2] case were not to be revisited. In instructing the parties in this manner, the Court has effectively advised that its previous holdings in those cases will be controlling going forward. In that regard, the only distinction between the facts of the case at bar and the foregoing facts identified in *Brown* is that Plaintiff, Margaret Bacon, contracted legionella sickness in her own home as opposed to McLaren Hospital. Moreover, Plaintiff contracted Legionnaire's disease in September 2014, which is the same month Odie Brown was exposed to Legionnaire's disease at McLaren Hospital. Accordingly, the holdings in *Brown* squarely apply to the facts of this case.

All of the arguments that the City Defendants are currently advancing in support of their contention that Plaintiff cannot maintain a bodily integrity claim were all considered and rejected in the *Brown* case as to all City Defendants with the exception of Defendants Ambrose and Walling. Specifically, in *Brown*, this Court ruled as follows:

> *Plaintiff pleads a plausible bodily integrity claim against Defendants Croft, Johnson, and Glasgow. As explained in Carthan*[3]:
>
> *[I]t is reasonable to conclude that these defendants were aware of the substantial risk of harm facing plaintiffs. As the transition to the Flint River loomed, all three knew that the FWTP was not ready to process the raw water. And Croft, in*

---

[1] *Marble, et al. v. Snyder, et al.*, Case No. 18-cv-12942 [ECF #204]
[2] *Brown v. Snyder, et al.*, Case No. 18-cv-10726 [ECF #136]
[3] *Carthan v. Snyder*, 16-cv-10444 [ECF #437]

4

> *particular, was aware of the lead and Legionnaires' disease issues that followed the transition. Glasgow tested for and found high concentrations of lead in the water. He also recognized that Flint was not using corrosion control treatment and had no legitimate lead and copper testing in place. Moreover, these defendants acted with a callous disregard for plaintiffs' right to bodily integrity. Despite knowing that the FWTP was not ready to process the Flint River water, Croft and Johnson pressured Glasgow to give the green light to the transition. Johnson later blocked the Genesee County Health Department from scrutinizing Flint's water testing process. And Glasgow altered reports to hide high lead concentrations in Flint's water. Croft, Glasgow, and Johnson were thus deliberately indifferent by deceiving plaintiffs into thinking that there was no problem with Flint's water. Brown at 35.*

The only distinction between the facts of the case at bar and the foregoing facts identified in *Brown* is the fact that Plaintiff, Margaret Bacon, contracted legionella sickness in her own home as opposed to McLaren Hospital. This distinction clearly does not justify any departure from the Court's prior ruling in *Brown*. The City Defendants' request for a dismissal of Plaintiff's bodily integrity claims must therefore be denied on this basis as to all Defendants expect for Defendants Ambrose and Walling.

5

**III. Plaintiff's wrongful death claim is properly alleged in her First Amended Short Form Complaint, and all of Defendant's arguments to the contrary are without merit.**

**A. Plaintiff's Complaint does NOT improperly violate Federal Rule 10(b) because the Court gave superseding instructions to deviate from the requirements of that rule by filing individual Short Form Complaints.**

Margaret Bacon's claim against the City Defendants is one of thousands of claims pending against a multitude of Defendants in this mass tort litigation. Given the size and magnitude of this litigation, this Court ordered that a streamlined approach to pleading be taken in order to minimize the traditional burdens associated with federal pleading. Central to this streamlined approached were direct instructions requiring each individual Plaintiff to file his or her individual Short Form Complaint using special forms that were developed by the Court with the direct consultation of all counsel. These forms allow each individual Plaintiff to simply check boxes for Defendants and claims, and they are set up in a way that minimizes the amount of additional factual information that each individual Plaintiff must allege in addition to what is already alleged in the Master Complaint. These special pleading requirements clearly supersede any conflicting procedural requirements contained elsewhere. Thus, Defendants request for a dismissal on the basis that RULE 10(b) was not properly followed is without merit.

>    **B.     The factual basis for linking Margaret Bacon's ultimate death to complications resulting from her Legionella sickness has been properly alleged with the degree of specificity required under the *streamlined* Short Form Complaint procedure ordered by the Court.**

When the sufficiency of Plaintiff Margaret Bacon's First Amended Short Form Complaint is viewed in the streamlined context discussed above, her Complaint clearly meets the relaxed specificity standard ordered by the court.

In that regard, her First Amended Short Form Complaint clearly identifies that she contracted legionella sickness as a result of being exposed to the contaminated Flint water supply, and that she became violently ill immediately thereafter as a result. Her Complaint further confirms that she subsequently underwent extensive medical treatment and died within a reasonably short amount of time after contracting Legionella sickness and undergoing extensive medical treatment for all of the harms that it brought upon her. Given the nature and severity of her legionella sickness and the timing of her death, it is clearly reasonable to infer circumstantially that Plaintiff's ultimate death was brought on by her legionella sickness.

When all of this is properly recognized in the context of this mass tort litigation, it should clearly follow that Plaintiff's First Amended Short Form Complaint has been pled with all required degrees of specificity. While the City Defendants dispute the ultimate correctness of the foregoing causation inference, they will have a full and fair opportunity to conduct discovery and present their case to a jury—which is a matter for a different day.

Finally, to the extent that Defendants have cited general authority for a contrary conclusion, their reliance on that authority is misplaced—for the simple reason that the traditional heightened pleading standards discussed therein are simply not workable in the context of this mass tort litigation. To conclude otherwise and require strict compliance with those traditional heightened standards will improperly open the door to endless motions for more definite statements—all of which will (1) unduly burden the court, who will have to review and decide each and every one of them; and (2) similarly burden countless individual Plaintiffs ,who will have to formally file written responses to all such motions.

### C. Even if arguendo, Plaintiff has not alleged sufficient facts linking her death to her Legionella sickness, the appropriate remedy is to grant Plaintiff leave to further amend her Short Form Complaint to cure any such deficiencies

Ultimately, if the Court is not satisfied that Plaintiff's First Amended Short Form Complaint contains sufficient details regarding the link between Margaret Bacon's ultimate death and her legionella sickness, any such deficiencies can be readily cured by granting Plaintiff leave to file a Second Amended Short Form Complaint containing the additional details that Defendants claim are lacking.

In that regard, Plaintiff, Margaret A. Bacon, contracted legionella sickness as a result of being exposed to the infamously contaminated Flint water supply. After needlessly contracting this sickness through no fault of her own, she became violently ill—in a severe manner that required her to undergo extensive hospitalization and prolonged invasive medical treatment for associated ailments. These ailments included

8

numerous severe infections to her lungs and other parts of her body – which in turn affected her ability to oxygenate and heal from other illnesses that were either pre-existing or contracted after she contracted Legionella sickness. Simply put, the bodily injury inflicted upon Margaret Bacon as a direct result of her legionella sickness severely and permanently weakened her overall health in a way that prevented her from healing from other pre-existing or other conditions that she otherwise would have.

From a practical standpoint, the discussion of these additional facts in the context of this response memorandum should arguably be sufficient to cure the factual deficiencies claimed by the City Defendants. However, should the Court disagree and believe that these and other similar additional facts should be alleged in Plaintiff's Short Form Complaint, granting Plaintiff leave to further amend her Short Form Complaint would clearly be an appropriate remedy. To ensure that such an Amended Complaint can be filed without any further delay, a proposed Second Amended Short Form Complaint is attached to this Memorandum as *Exhibit 1.*

### D. The language of MCL 600.2922 clearly does NOT restrict Survival and Wrongful Death claims to only fatality cases where the underlying death was caused by a felony.

Defendant's interpretation of M.C.L. 600.2922 is wrong on its face. In that regard, Defendant protests that an action can only be brought under § 2922 when "the death was caused under circumstances that constitute a felony." In support of this conclusion, Defendant relies on the following language contained in that statute:

> *Whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony.*

Clearly, this language does not set forth such a requirement. The phrase "*although the death was caused under circumstances that constitute a felony,*" merely provides clarification that a tort action may still lie under a wrongful death theory under such circumstances. It is axiomatic that for a statute to set forth the type of limitation claimed by Defendant, the statute must contain unequivocal and express words of limitation. Thus, the fact that no such words of limitation are set forth in § 2922 forecloses any validity to Defendant's purported interpretation.

## IV. Plaintiff does not oppose the dismissal of City Defendants Earley and Ambrose.

Defendant has requested the dismissal of Defendants Darnell Earley and Gerald Ambrose on the basis that the statute of limitations period applicable to these defendants has expired. After giving this matter further consideration, Plaintiff has decided not to oppose the dismissal of these two defendants. However, Plaintiff's decision to do so is purely strategic, and Plaintiff takes no position as to the correctness of the factual and legal reasoning offered by the City Defendants in support of their position on this issue.

## CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE**, for all of the foregoing reasons, Plaintiff requests an Order DENYING with prejudice the City Defendant's request for a dismissal of her First Amended Short Form Complaint—as to ALL City Defendants EXCEPT for Defendants Darnell Earley and Gerald Ambrose.

                         Respectfully submitted:

                         **SINAS, DRAMIS, LARKIN**
                         **GRAVES & WALDMAN, P.C.**

           By:   /s/ Joel T. Finnell
                 Joel T. Finnell (P75254)
                 James F. Graves (P14288)
                 Jonathon K. Homa (P81518)
                 George T. Sinas (P25643)
                 Stephen H. Sinas (P71039)
                 Attorneys for Plaintiff
                 3380 Pine Tree Road; Lansing, MI 48911
Dated: July 8, 2020          Phone: (517) 394-7500

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, I electronically filed the foregoing pleading document using the EFC filing system, which will send notification of the filing and copies of all documents to all attorneys of record.

By: /s/ Joel T. Finnell
Joel T. Finnell (P75254)
James F. Graves (P14288)
Jonathon K. Homa (P81518)
George T. Sinas (P25643)
Stephen H. Sinas (P71039)
Attorneys for Plaintiff
3380 Pinetree Road; Lansing, MI 48911
Dated:  July 8, 2020                                     Phone: (517) 394-7500