UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | Judith E. Levy<br>United States District Judge<br><br>Consolidated Docket No.<br>16-cv-10444 |
| DEBORAH SAPOLIN, as<br>Personal Representative of<br>THE ESTATE OF<br>MARGARET A. BACON,<br><br>    Plaintiff,<br><br>v<br><br>RICHARD SNYDER, *et al*,<br><br>    Defendants. | **Individual Docket No.**<br>**5:18-cv-10348-JEL-MKM**<br><br>Previous E.D. Case No. 16-cv-11157<br><br>Genesee County Circuit Court |

# PLAINTIFF'S SURREPLY TO
# CITY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED SHORT FORM COMPLAINT (DKT 86)

**I.    Defendants have misunderstood Plaintiff's position on her 42 U.S.C. § 1983 claim with respect to wrongful death damages.**

Plaintiff is not seeking to assert a standalone wrongful death action under Michigan state law. As was very clearly discussed in her principle brief in opposition (EFC #105, pages 2-3), Plaintiff is claiming state-law wrongful death damages on the basis that they are a specific element of damages provided for by 42 U.S.C. § 1983. The availability of state-law wrongful death damages in a § 1983 claim was expressly recognized in the case of *Frontier Ins. Co. v. Blaty*, 454 F.3d 590 (6th Cir. 2006)—which is binding precedent that governs this case. It is axiomatic that a litigant cannot seek to preclude a claimant from seeking a formally recognized element of damages within a claim. Furthermore, this is true even if Plaintiff's Complaint is construed as pleading a standalone wrongful death claim. It is hornbook law that the "*labels*" contained within a complaint have no bearing on whether a complaint is proper. Rather, it is the substance of the allegations that matter.[1] Thus, because Plaintiff may properly seek state-law wrongful death damages in her § 1983 claim, Defendants' request to block her recovery of those damages must be rejected.

---

[1] It should also be noted that Plaintiff was required to plead her Short Form Complaint using the pleading forms created by the Court. Plaintiff did so in the manner required by the forms, which included checking the box indicating that wrongful death damages were being claimed.

1

**II.     Defendants' interpretation of MCL 2922(1) to require a *"felony"* improperly relies solely on a small phrase within the statute that has been selectively quoted out of context.**

For the reasons stated in Plaintiff's principle brief, Defendants' interpretation of the wrongful death statute is in direct conflict with the plain language of the statute <u>when that language is properly read in its entirety</u>.  Defendants have made no meaningful attempt to refute that conclusion with a proper linguistic analysis of all the words and phrases contained in the statute.  Instead, Defendants have selectively quoted out of context the phrase *"although the death was caused under circumstances that constitute a felony"* and claims, without any further analysis, that this phrase is dispositive in their favor.  By doing so, Defendants have (1) grossly failed to properly analyze the statute as a whole, and (2) have failed to otherwise rebut Plaintiff's interpretation, which does take into account all of the words and phrases of the statute.  Defendants' interpretation of MCL 600.2922 must therefore be rejected.

                                              Respectfully submitted:

                                              **SINAS, DRAMIS, LARKIN GRAVES & WALDMAN, P.C.**

                                              By: /s/ Joel T. Finnell
                                                   Joel T. Finnell (P75254)
                                                   James F. Graves (P14288)
                                                   Jonathon K. Homa (P81518)
                                                   George T. Sinas (P25643)
                                                   Stephen H. Sinas (P71039)
                                                   Attorneys for Plaintiff
                                                   3380 Pine Tree Road
                                                   Lansing, MI 48911

Dated:  August 10, 2020             Phone: (517) 394-7500

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2020, I directed Emily A. Erbisch to electronically file the foregoing document using the EFC filing system, which will send notification of the filing and copies of the filed documents to all attorneys of record.

By: /s/ Joel T. Finnell
Joel T. Finnell (P75254)
James F. Graves (P14288)
Jonathon K. Homa (P81518)
George T. Sinas (P25643)
Stephen H. Sinas (P71039)
Attorneys for Plaintiff
3380 Pinetree Road
Lansing, MI 48911

Dated: August 10, 2020     Phone: (517) 394-7500